# GLASS HARLOW & HOGROGIAN LLP
ATTORNEYS AND COUNSELORS AT LAW
A Limited Liability Partnership
85 BROAD STREET, 16TH FLOOR @ WEWORK
NEW YORK, NY 10004
212-537-6859
FAX NO. 845-510-2219

E-mail: bglass@ghnylaw.com

*Bryan D. Glass*
    Partner

March 7, 2022

*Via ECF*
Honorable Eric N. Vitaliano
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:      *Rivera v. New York City Department of Education, et al.,*
                21-CV-06134 (ENV)(TAM)
                **Plaintiff's Letter in Opposition to Defendants' Request for a Pre-Motion Conference in Anticipation of Their Motion to Dismiss**

Dear Judge Vitaliano:

      This office represents Plaintiff David Rivera in this federal action, and is writing in response to Defendants' letter, filed on February 28, 2022, requesting a pre-motion conference in anticipation of a proposed motion to dismiss Plaintiff's Complaint. As set forth below, Mr. Rivera respectfully requests that the Court deny Defendants' request, as there is not a good faith and efficient basis for Defendants' request to file a proposed motion to dismiss at his early stage, given the extensive and detailed allegations pled in the complaint. Defendants are merely engaging in dilatory tactics to try to delay discovery in the case (as evident by seeking an unnecessary stay of discovery in their letter), and if Defendants insist on proceeding with the motion, Mr. Rivera respectfully requests that no stay of discovery be imposed.

      The liberal pleading standards for complaints disfavor motions to dismiss in federal court, with all inferences to be drawn in the light most favorable to the non-moving party. Defendants' motion reaches far beyond what is appropriate and courts have routinely denied motions to dismiss at this early stage of litigation. *See Hausdorf v. NYCDOE*, 2018 U.S. Dist. LEXIS 13330 (SDNY 2018); *White v. Roosevelt Union Free School District*, 2017 U.S. Dist. LEXIS 210480 (EDNY 2017); *Murray v. NYC Board of Education*, No. 15-cv-03191(RRM) (ST) (EDNY March 21, 2019); *Modica v. N.Y.C. Dep't of Educ. & Claudette Christie*, No. 20-CV-4834 (JMF), 2021 U.S. Dist. LEXIS 146041 (SDNY Aug. 4, 2021); *see also Fierro v. NYCDOE*, 591 F. Supp. 2d 431 (SDNY 2008); *Portelos v. NYCDOE*, 12 Civ. 3141 (RRM) (EDNY 2013) (denying motion to dismiss First Amendment retaliation claims of teacher for further factual development).

### A. A Notice of Claim is not required for claims against Principals and for Federal claims

While some case law finds that notices of claim may be necessary when bringing actions pursuant to the NYSHRL and the NYCHRL against the NYCDOE, it is well settled that notices of claim have no bearing on Mr. Rivera's federal claims. *See Collins v. City of New York*, 156 F.Supp.3d 448, 460 (SDNY 2016). In addition, notices of claim are not necessary to be filed against individual defendants such as principals and assistant principals. N.Y. Educ. Law § 2(13); *Lawson v. New York City Bd. of Educ.,* No. 09 CIV. 1335(JSR)(HBP), 2011 U.S. Dist. LEXIS 127789, 2011 WL 5346091, at *20 (SDNY Aug. 30, 2011).

### B. Plaintiff has pled adequate timely claims

Defendants only dispute that some of Plaintiff's claims would be time-barred. As for the SHRL and CHRL claims against individual defendants, the complaint pled many adverse actions after November 3, 2018, against Plaintiff, including numerous unwarranted disciplinary letters to file, extension of probation, being excessed from the WATCH High School, reassignment to a "rubber room" for more than 2 years, and being subject of unfair investigations. In any event, adverse actions that occurred before November 2018 provide relevant background evidence to Plaintiff's timely claims. *See Davis-Garett v. Urban Outfitters, Inc.*, 921 F.3d 30, 42 (2d Cir. 2019).

### C. Plaintiff Has Pled a Valid CSL § 75-b Claim

Defendants have offered nothing at this stage to support anything in a collective bargaining agreement to contend Mr. Rivera does not have a plausible Civil Service Law 75-b claim. Mr. Rivera reported improper governmental action by his principal and was punished for it by being reassigned to a rubber room for more than 2 years, with loss of per session and professional opportunities. It is noteworthy that since filing of this complaint, Mr. Rivera was recently cleared of all charges regarding the DOE's investigation, and returned to his duties in February 2022, so this case may be especially ripe for early settlement.

### D. Plaintiff Has Pled a Valid First Amendment Claim

Defendants contend in their letter that as Mr. Rivera's statements focus on issues that are "personal in nature" or made "pursuant to" his job duties, his speech is not protected. First, this argument is premature, as a finding that speech may not be protected by the First Amendment is not appropriately made on a motion to dismiss, but is left to be determined at a later stage of the litigation. *Jackson v City of NY*, 2015 US Dist LEXIS 131720, at *31 (SDNY Aug. 13, 2015, No. 14-CV-5755 (GBD) (KNF)); *see also Jackler v. Byrne*, 658 F.3d 225, 235 (2d Cir. 2011).

Second, an issue that is "personal in nature and generally related to [the speaker's] own situation," such as his or her assignments, promotion, or salary, does not address matters of public concern. *Id*. Accordingly, Plaintiff's statements could not be "personal in nature" as he raised issues regarding frauds in the athletic department, and more specifically regarding student athlete's eligibility in programs or sport contests (*Compl.* ¶¶29, 33, 39), illegal football practices outside the permitted PSAL calendar for practices (*Id*. ¶39), and lack of required credentials and incidents on record of the head football coach (*Id*. ¶48).

Additionally, the mere fact that a citizen's speech concerns information acquired by virtue of his public employment does not transform that speech into employee—rather than citizen—speech. *Lane v Franks*, 573 US 228, 240 (2014).

To the extent that Defendants argue there is no viable Monell claim against the municipality, that does not preclude First Amendment liability against the individual defendants. In any event, the Superintendent endorsed the two-year reassignment and removal of the school, this high level official can make the DOE liable on a Monell claim.

**E. Plaintiff Has Pled Valid Race and Gender Discrimination Claims**

Defendants' arguments on this point are boilerplate and conclusory; the factual allegations in the complaint are not. This school administration, in particular Defendant Christie, has a history of discriminating and retaliating against similarly situated non-Black individuals, and others, at the school. During the course of Plaintiff's employment, Principal Christie made several comments against non-Black staff and told Plaintiff that he should resign as the Athletic Director to be replaced by a Black woman. Mr. Rivera has been unreasonably disciplined by Principal Christie, and has pled multiple adverse actions throughout his complaint. Additionally, the complaint pled that Principal Christie solicited Mr. Rivera to go on a date with her daughter and acted irrationally after female colleagues visited Mr. Rivera at the school. Clearly, Mr. Rivera has articulated sufficient discrimination claims to overcome a motion to dismiss on this basis.

**F. Plaintiff Has Pled a Valid Retaliation Claim**

The timing of the retaliation complaints are premature for a motion to dismiss at this early stage. Plaintiff filed a complaint with the EEO office against Principal Christie in December 2017, and in November 2019 with SCI alleging sexual harassment by Principal Christie towards him. He was reassigned from his duties thereafter for more than 2 years.

It also is noteworthy that Principal Christie (who upon information and belief has not retired) has been the subject of other federal complaints based on discrimination and retaliation by teachers and/or APs at her school.

**Conclusion**

Based on the above, Defendants' basis for seeking a motion to dismiss at this juncture is premature and meritless, and the Defendants should be discouraged from filing a motion to dismiss as futile at this time. This tactic appears to be a blatant attempt to delay and avoid discovery and to address the factual merits of the case. Mr. Rivera respectfully requests that a scheduling order be issued with no stay of discovery at this time, and/or the case be scheduled for an early settlement conference.

Thank you very much for the Court's consideration.

    Respectfully submitted,

    s/ Bryan D. Glass_____
    Bryan D. Glass, Esq.

              **GLASS HARLOW & HOGROGIAN LLP**
              Attorneys for Plaintiff
              85 Broad Street, 16th Floor @ WeWork
              New York, New York 10004
              (212) 537-6859

cc: All Defendants (via ECF)