No. 21 CV 06134 (ENV)(TAM)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DAVID RIVERA,

                                                            Plaintiff,

                                -against-

NEW YORK CITY DEPARTMENT OF
EDUCATION; CITY OF NEW YORK,
CLAUDETTE CHRISTIE, former Principal of World
Academy for Total Community Health (WATCH)
High School; ARIANNA LEWIS, Assistant Principal
for Thomas Jefferson Campus,

                                                            Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

*HON. SYLVIA O. HINDS-RADIX*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, Room 2-146*
*New York, N.Y. 10007*

*Of Counsel: Corey B. Hirsch*
*Tel: (212) 356-4389*
*Matter No.: 2021-038791*

Corey B. Hirsch,
Bruce Rosenbaum,
  Of Counsel.

Date of Service: May 2, 2022 (via ECF Filing)

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................. 1

STATEMENT OF FACTS ...................................................................... 2

ARGUMENT ...................................................................................... 7

    POINT I ...................................................................................... 7

        PLAINTIFF'S CLAIMS ARE BARRED ALMOST
        ENTIRELY BY THE DOCTRINE OF WAIVER &
        RELEASE ................................................................................. 7

        A.   Applicable Law ................................................................. 7

        B.   Plaintiff's Claims Accruing Prior To April 30,
            2019, Are Completely Barred By Plaintiff's
            Agreement To Waive And Release All Such
            Claims ............................................................................. 8

    POINT II ...................................................................................... 9

        PLAINTIFF'S SHRL, CHRL, AND § 1983
        CLAIMS SHOULD BE DISMISSED AGAINST
        DEFENDANT LEWIS FOR LACK OF
        PERSONAL INVOLVEMENT .................................................... 9

    POINT III ...................................................................................... 11

        PLAINTIFF'S STATE LAW CLAIMS AGAINST
        THE BOE ARE BARRED BY PLAINTIFF'S
        FAILURE TO COMPLY WITH NOTICE OF
        CLAIM REQUIREMENTS ....................................................... 11

    POINT IV ...................................................................................... 12

        PLAINTIFF'S CLAIMS ARE TIME-BARRED
        WHOLE OR IN PART ............................................................... 12

        A.   Plaintiff's SHRL/CHRL Claims Are Time-
            Barred As Against The BOE .............................................. 12

        B.   Plaintiff's CSL § 75-b Claims Are Time-Barred ............................... 12

i

    C.   Plaintiff's § 1983 First Amendment Claims
And His SHRL/CHRL Claims Against The
Individually Named Defendants Are Largely
Time-Barred ............................................................................ 12

POINT V ............................................................................................... 13

    PLAINTIFF FAILS TO STATE A CLAIM
UNDER CIVIL SERVICE LAW § 75 ..................................................... 13

    A.   Plaintiff's CSL § 75-b Claim Is Barred Against
The Individual Defendants ................................................... 13

    B.   Plaintiff Otherwise Fails To State A Claim
Under CSL § 75-b ................................................................. 13

POINT VI ............................................................................................... 15

    PLAINTIFF FAILS TO STATE A CLAIM
UNDER THE FIRST AMENDMENT ..................................................... 15

    A.   Legal Standards ................................................................... 15

    B.   Plaintiff's Claimed Speech Is Not Protected By
The First Amendment ........................................................... 16

    C.   Plaintiff Did Not Suffer Retaliation Causally
Connected To His Speech ..................................................... 17

POINT VII .............................................................................................. 18

    PLAINTIFF FAILS TO PLAUSIBLY PLEAD A
CLAIM OF RACE OR GENDER
DISCRIMINATION UNDER THE SHRL AND
CHRL ..................................................................................................... 18

    A.   Legal Standard ..................................................................... 18

    B.   Plaintiff Fails To State A Claim Of Race
Discrimination Under The SHRL ......................................... 19

    C.   Plaintiff Fails To State A Claim Of Race
Discrimination Under The CHRL ........................................ 21

    D.   Plaintiff Fails To State A Claim Of Gender
Discrimination Or Sexual Harassment ............................... 22

POINT VIII ............................................................................................ 23

PLAINTIFF FAILS TO STATE A PLAUSIBLE
CLAIM OF RETALIATION UNDER THE SHRL
OR THE CHRL.......................................................................................... 23

CONCLUSION............................................................................................... 24

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Amofa v. Bronx-Lebanon Hosp. Ctr.,
No. 05-CV-9230 (SHS), 2006 U.S. Dist. LEXIS 83199
(S.D.N.Y. Nov. 13, 2006) ...................................................................................20

Amorosi v. South Colonie Ind. Cent. School Dist.,
9 N.Y. 3d 367 (2007) ...................................................................................11, 12

Ashcroft v. Iqbal,
556 U.S. 662 (2009)...........................................................................................9

Bernheim v. N.Y.C. Dep't of Educ., No. 19-CV-9723 (VEC) (JLC),
2020 U.S. Dist. LEXIS 120400, (S.D.N.Y. July 9, 2020) ....................................11

Brown v. City of New York,
185 A.D.3d 410 (1st Dep't 2020) ...................................................................15, 24

Butts v. N.Y. City of Dep't of Educ.,
No. 16-CV-5504 (NGG)(RML), 2018 U.S. Dist. LEXIS 170195
(S.D.N.Y. Sept. 28, 2018)....................................................................................21

Cater v. New York,
17 Civ. 9032, 2019 U.S. Dist. LEXIS 17780 (S.D.N.Y. Jan. 30, 2019)....................7

Cohn v. Dep't of Educ. Of N.Y.,
697 Fed. Appx. 98 (2d Cir. 2017) ...........................................................................16

Collins v. City of N.Y.,
156 F. Supp. 3d 448 (S.D.N.Y. Jan. 11, 2016) ........................................................12

Deylii v. Novartis Pharms. Corp.,
No. 13-CV-06669 (NSR), 2014 U.S. Dist. LEXIS 82442
(S.D.N.Y. June 16, 2014).......................................................................................2

Doe v. Bloomberg, L.P.,
178 A.D.3d 44 (1st Dep't 2019), aff'd, 36 N.Y.3d 450 (2021) ...............................10

Dozier v. Federal Express, Inc.,
2018 N.Y. Misc. LEXIS 3058 (Sup. Ct., N.Y. Cty., July 1, 2018).........................10

Ellis v. N.Y.C. Dep't of Educ.,
2020 U.S. Dist. LEXIS 42446 (S.D.N.Y. Mar. 11, 2020) ....................................20

Eyshinskiy v. N.Y.C. Dep't of Educ.,
  No. 15 Civ. 10027 (DLC), 2016 U.S. Dist. LEXIS 165991 (S.D.N.Y. Dec. 1,
  2016), aff'd sub nom. Eyshinskiy v. Kendall,692 F. App'x 677 (2d Cir. 2017) ....................13

Ezekwo v. N.Y.C. Health & Hosps. Corp.,
  940 F.2d 775 (2d Cir. 1991)......................................................................................16, 17

Farrell v. Burke,
  449 F.3d 470 (2d Cir. 2006)................................................................................................10

Ferrante v. American Lung Ass'n,
  90 N.Y.2d 623 (1997) ........................................................................................................18

Forrest v. Jewish Guild for the Blind,
  3 N.Y.3d 295 (2004) ...............................................................................................18, 19, 20, 22

Garrido v. N.Y.C. Dep't of Educ.,
  No. 16-Cv-9464 (DAB), 2018 U.S. Dist. LEXIS 43703
  (S.D.N.Y. Mar. 15, 2018) ...................................................................................................11

George v. N.Y. City Health and Hosp. Corp.,
  No. 02 Civ. 1818 (AGS), 2003 U.S. Dist. LEXIS 1927
  (S.D.N.Y. Feb. 11, 2003)....................................................................................................20

Gonzalez v. City of New York,
  377 F. Supp. 3d 273, 289 (S.D.N.Y. Mar. 28, 2019)............................................................10

Gorokhovsky v. New York City Hous, Auth.,
  552 Fed. Appx. 100 (2d Cir. 2014).....................................................................................21

Higgs v. Cty. of Essex,
  232 A.D.2d 815 (3d Dep't 1996) ........................................................................................14

Johnson v. Bd. of Educ. Ret. Sys. of N.Y.,
  No. 18-cv-4605(NGG)(PK), 2021 U.S. Dist. LEXIS 100877
  (E.D.N.Y. May 12, 2021) ...................................................................................................14

LeBlanc v. United Parcel Serv.,
  No. 11 Civ. 6983 KPF, 2014 U.S. Dist. LEXIS 50760
  (S.D.N.Y. Apr. 11, 2014).....................................................................................................24

Littlejohn v. City of N.Y.,
  795 F.3d 297 (2d Cir. 2015)................................................................................................23

Littlejohn v. Consol. Edison Co. of N.Y.,
  No. 18 cv 6336 (KPF), 2019 U.S. Dist. LEXIS 118995
  (S.D.N.Y. July 16, 2019) ......................................................................................................7

Lucio v. N.Y.C. Dep't of Educ.,
    575 F. App'x 3 (2d Cir. 2014) ............................................................20

McDonnell Douglas Corp. v. Green,
    411 U.S. 792 (1973) ....................................................................18

Melman v. Montefiore Med. Ctr.,
    98 A.D.3d 107 (1st Dep't 2012) ........................................................18

Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.,
    715 F.3d 102 (2d Cir. 2013).........................................................18, 23

Miller v. New York City Dep't of Educ.,
    71 F. Supp. 3d 376 (S.D.N.Y. 2014), aff'd, 622 F. App'x 38 (2d Cir. 2015)...........8

Montero v. City of Yonkers,
    890 F.3d 386 (2d Cir. 2018).........................................................15, 16

Morefun Co. v. Mario Badescu Skin Care Inc.,
    No. 13 Civ. 9036 (LGS), 2014 U.S. Dist. LEXIS 77710
    (S.D.N.Y. June 6, 2014)..................................................................7

Morrison v. New York City Police Dep't,
    214 A.D.2d 394 (lst Dep't 1995) ................................................. passim

Newsome v. IDB Capital Corp.,
    No. 13 CV 6576 (VEC), 2016 U.S. Dist. LEXIS 40754,
    (S.D.N.Y. Mar. 28, 2016) ...............................................................21

Oper v. Capital Dist. Reg'l Off-Track Betting Corp.,
    No. 1:20-cv-1415 (FJS/CFH), 2021 U.S. Dist. LEXIS 243846,
    (N.D.N.Y. Dec. 22, 2021) ...........................................................13, 14

Quinones v. City of Binghamton,
    997 F.3d 461 (2d Cir. 2021).............................................................15

Rose v. N.Y.C. Health & Hosps. Corp.,
    122 A.D.3d 76 (1st Dep't 2014) ........................................................11

Shanahan v. New York,
    No. 10 Civ. 0742, 2011 U.S. Dist. LEXIS 6384
    (S.D.N.Y. Jan. 24, 2011).................................................................13

Slattery v. Swiss Reinsurance Am. Corp.,
    248 F.3d 87 (2d Cir. 2001), cert. denied, 534 U.S. 951 (2001) .......................14, 24

Smith v. N.Y.C. Dep't of Educ.,
    524 F. App'x 730 (2d Cir. 2013) .......................................................12

Soloviev v. Goldstein,
    104 F. Supp. 3d 232 (E.D.N.Y. May 12, 2015) ........................................................19

Sosa v. New York City Dep't of Educ.,
    368 F. Supp. 3d 489 (E.D.N.Y. Mar. 25, 2019)..........................................................18, 19, 21

Tangreti v. Bachmann,
    983 F.3d 609 (2d Cir. 2020)..........................................................................................9, 11

Thomas v. Mintz,
    No. 103397/2011, 2018 N.Y. Misc. LEXIS 3282
    (Sup. Ct., N.Y. Cnty., Aug. 1, 2018) ...........................................................................18

Vega v. Hempstead Union Free Sch. Dist.,
    801 F.3d 72 (2d Cir. 2015)............................................................................................19, 23

Weintraub v. Bd. of Educ.,
    593 F.3d 196 (2d Cir. 2010)..........................................................................................16, 17

Whitfield-Ortiz v. Department of Educ. of the City of New York,
    116 A.D.3d 580 (1st Dep't 2014) ..................................................................................23

**Statutes**

42 U.S.C. § 1983 ............................................................................................... *passim*

New York City Human Rights Law, N.Y.C. Admin. Code, §§ 8-101 et seq. ...................... *passim*

New York Civil Service Law § 75-b ..................................................................................1, 13, 14

New York Education Law § 2 ............................................................................................11

New York Education Law § 3813 ......................................................................................11, 12

New York State Human Rights Law, New York Executive Law §§ 290 et seq. ......................1, 10

**Other Authorities**

U.S. Const. amends I, V .................................................................................................... *passim*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

DAVID RIVERA,

                             Plaintiff,

                               No. 21 CV 06134 (ENV)(TAM)

                 -against-

NEW YORK CITY DEPARTMENT OF EDUCATION;
CITY OF NEW YORK, CLAUDETTE CHRISTIE,
former Principal of World Academy for Total
Community Health (WATCH) High School; ARIANNA
LEWIS, Assistant Principal for Thomas Jefferson
Campus,

                             Defendants.
------------------------------------------------------------------------ x

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

### PRELIMINARY STATEMENT

       Plaintiff, an Assistant Principal ("AP") and social studies teacher for the Board of

Education of the City School District of the City of New York ("BOE") (also known as and sued

herein as the "New York City Department of Education"), commenced this action on November

3, 2021, pursuant to the New York Civil Service Law § 75-b (hereinafter "CSL § 75-b"), the First

Amendment of the U.S. Constitution through 42 U.S.C. § 1983, the New York State Human Rights

Law ("SHRL"), New York Executive Law §§ 290 et seq., and the New York City Human Rights

Law ("CHRL"), New York City Administrative Code, §§ 8-101 et seq., primarily claiming he was

removed from a per session Athletic Director ("AD") position (which he held in addition to his

main position as AP) in October 2018 for reporting purported fraud to the BOE's Office of Special

Investigation ("OSI"). See Complaint, ECF Dkt. No. 1, ¶¶ 33-36. Plaintiff also contends he

experienced race and gender discrimination, mostly prior to November 3, 2018, by being removed

from BOE systems as "Principal Designee," withdrawing his access to electronic student academic records, a threat to deny him tenure as AP, and an administrative reassignment pending an investigation into misconduct allegations levied against him. See id. ¶¶ 58-60.

Prior to the instant action, Plaintiff entered into an agreement with New Visions Superintendent Richard Cintron, extending his probationary period as an AP from August 2019 to August 2020 and waiving any claims against the BOE and its employees prior to April 30, 2019. See generally Plaintiff's Probationary Agreement, annexed in its entirety to the Declaration of Corey B. Hirsch dated May 2, 2022 ("Hirsch Decl.") as Exhibit A.[1] Accordingly, Plaintiff's claims in the instant action are barred in part by the doctrine of waiver and release. Additionally, Plaintiff's claims are time-barred in part by their respective statutes of limitations ("SOL") and, in part, by his failure to comply with applicable notice of claim ("NOC") requirements. Finally, Plaintiff otherwise fails to state a plausible claim under CSL § 75-b, the First Amendment, or the SHRL and CHRL. Therefore, Plaintiff's Complaint must be dismissed.

## STATEMENT OF FACTS

In September 2006, Plaintiff became a social studies teacher in the World Academy for Total Community Health High School ("WATCH").[2] See Complaint, ECF Dkt. No. 1, ¶ 14. In October 2010, Plaintiff was assigned to the per session position of the Athletic Director ("AD")

---

[1] Plaintiff's prior probationary agreement is integral to the facts and claims Plaintiff brings in this action and may thus be considered in a Motion to Dismiss. Deylii v. Novartis Pharms. Corp., No. 13-CV-06669 (NSR), 2014 U.S. Dist. LEXIS 82442, at *11-13 (S.D.N.Y. June 16, 2014).

[2] The WATCH school is one of four schools housed in the Thomas Jefferson Campus, including the FDNY High School for Fire and Life Safety, the High School for Civil Rights, and the Performing Arts and Technology High School. See InsideSchools, World Academy for Total Community Health High School (WATCH) Grades: 9-12, https://insideschools.org/school/19K510 (last visited May 2, 2022); http://www.watchnyc.org/home (last visited May 2, 2022).

for the Public Schools Athletic League ("PSAL") for WATCH in addition to his teaching duties. Id. ¶¶ 16, 17.[3]   In October 2013, Defendant Claudette Christie began work as a Principal at WATCH.  Id. ¶ 11.  In August 2014, Plaintiff was appointed as a provisional AP at WATCH.  Id. at ¶ 14.  In September 2016 and February 2017, Defendant Christie allegedly asked Plaintiff if he would like to take her daughter out on a date.  See id. ¶¶ 55-56.  In February 2017, Defendant Christie supposedly told Plaintiff that Principal James Anderson of the FDNY High School ("FDNY")[4], was "incompetent and racist," and Plaintiff needed to resign from his AD position to separate from Mr. Anderson "to . . . become a principal."  Id. ¶ 20.  In September 2017, Defendant Christie allegedly told Plaintiff "it was time for him to resign as the [AD]" and be replaced by Defendant Lewis, who worked as an AP for security for the Jefferson Campus.  Id. ¶¶ 12, 23.

Plaintiff makes a general vague contention that there was a "pattern of disparate treatment towards non-African American staff members" at WATCH in the 2017-2018 school year and identifies three supposed "comparator" teachers: Ms. Tina Stevens, Mr. William Karl, and Mr. Anthony Esposito;[5] who were allegedly "given less support" or "scrutinized more closely" than African American teachers.  Id. ¶ 24.  Plaintiff otherwise notes that, from December 2017 to January 2018, WATCH parents sent email complaints "alleging that [Plaintiff] treated Black staff whom he supervised [as an AD] differently than White staff."  Id. at ¶ 25.

---

[3] The position of PSAL AD is a per session assignment the pedagogue performs in addition to their regular teaching/administrative duties.  See Chancellor's Regulation C-175 at https://www.schools.nyc.gov/docs/default-source/default-document-library/c-175-english; https://www.schools.nyc.gov/careers/other-jobs-in-schools/per-session-jobs. (last visited on May 2, 2022).

[4] As noted supra at n.2, the FDNY High School for Fire and Life Safety is co-located with WATCH in the Thomas Jefferson campus.

[5] Plaintiff does not identify a single AP at WATCH or the Jefferson Campus whom he claims was treated more favorably than himself.

On January 5, 2018, Plaintiff allegedly sent an anonymous email to PSAL AD Donald Douglas on a local online newspaper stating that Lawrence Pollard, Jefferson Campus Basketball's Head Coach, allegedly used a fake address to transfer students to Jefferson campus. See id. ¶¶ 29-30. Plaintiff sent similar anonymous emails to OSI on February 12, 2018 and the NYC Special Commissioner of Investigation ("SCI") on March 1, 2018, March 7, 2018, and March 19, 2018. See id. ¶ 31. On March 11, 2018 Plaintiff told Defendant Christie about the article and Defendant Christie supposedly said that he had "no business reporting" about the "year-old problem" as the "students [had] already graduated." Id. ¶¶ 31, 32.

On October 25, 2018, Plaintiff told Defendant Christie that Mr. Michael Steele, Principal of the High School for Civil Rights, engaged in a "grade-changing fraud" in 2017. See id. ¶¶ 33-34. Plaintiff also emailed OSI regarding the alleged fraud. See id. ¶ 35. Hours afterward, Principal Anderson allegedly told Plaintiff that he was being removed as AD and replaced by Defendant Lewis. See id. ¶¶ 36. Defendant Christie later told Plaintiff that "it was time for [him] to let the PSAL thing go" and "for a Black woman to have this small opportunity." Id. ¶ 37.

On February 14, 2019, PSAL Auditor Mr. Mark Mallor came to WATCH for a routine audit of the basketball program. See id. ¶ 39. Plaintiff, who was not an AD at the time, met with Mr. Mallor prior to the audit and said that Defendant Lewis allegedly allowed ineligible student-athletes to play in basketball games. See id. Later that day, Defendant Christie purportedly told Plaintiff he was "sabotaging" PSAL via his unofficial report to Mr. Mallor. Id. ¶ 40. On April 2, 2019, Plaintiff received a disciplinary letter because he "neglected to actively supervise [his] class in order to await the arrival of the auditor [...]" and "knowingly and willingly provided documents (students' records) to the auditor in order to influence the outcome of the PSAL audit."

Id. ¶¶ 43-44.  Plaintiff contends he supervised his class properly and an African-American teacher, Ms. Welch, left her classroom for five minutes and was not similarly disciplined.  See id. ¶ 45.

Around April 11, 2019, Defendant Christie allegedly met with Plaintiff and told him that his email to OSI on October 25, 2018 "telling on Mr. Steele" regarding the alleged grade fraud accusation was "inexcusable."  Id. ¶ 46.[6]  On April 16, 2019, Plaintiff received a letter proposing to extend his probationary period as an AP and he agreed to the extension on April 30, 2019.  See id. ¶ 47; Exhibit A annexed to the Hirsch Decl.  In the Extension of Probation Agreement, Plaintiff "waive[d] any possible rights, claims or causes of action for tenure as a ASST. PRINCIPAL (in the license area of AP SUPV SOCIAL STUDIES) arising on or prior to 08/25/2019."  See Exhibit A, ¶ 4.  Plaintiff also "waive[d] any rights, claims or causes of action and agrees not to commence any claims, motions, actions or proceedings of whatever kind against the Chancellor. the Superintendent, the Principal, or the Department of Education of the City of New York, or any of their agents or employees for any actions taken or not taken, or statements made or not made by them prior to the date of this agreement."  Id. at ¶ 5.  Plaintiff acknowledged that he entered into the aforementioned Extension of Probation Agreement "freely, knowingly and openly, without coercion or duress" and "affirm[ed] that []he had an opportunity to seek legal counsel throughout these proceedings."  Id. at ¶¶ 7, 8.

Plaintiff alleges that, on April 18, 2019, he told Defendant Christie that Mr. Julius Cyrus, the school janitor and head football coach, was conducting football practices outside the PSAL calendar and that Mr. Cyrus should not coach as he "does not have the required credentials and had two incidents on record of him behaving in a sexually inappropriate way with students."

---

[6] Since Plaintiff was replaced as AD in October 2018, Plaintiff's allegations regarding what Defendant Christie stated during this April 11, 2019 conference are either untrue or mischaracterize the timeline of events. Id. ¶ 46.

Complaint, ECF Dkt. No. 1, ¶ 46.  On May 14, 2019, Plaintiff received a "tenure Extension Rationale" letter with "false allegations," including that Plaintiff attempted to "have his friends put on the Table of Organization," "allow[ed] coaches to leave work early," and "illegally collected per session compensation."  Id. ¶ 49.

On June 13, 2019, Plaintiff received a disciplinary letter for "illegally clocking in for per session compensation for PSAL activities on September 26, 2018" even though he clocked in for "teams under [Plaintiff's] direct supervision."  Id. ¶ 51.  On October 10, 2019, Plaintiff was administratively reassigned to an office outside of his school.  See id. ¶ 52.  On April 25, 2021, Plaintiff allegedly received a blank "reply" email from Defendant Lewis including a signature stating: "Satan himself masquerades as an Angel of Light."  Id. ¶ 53.  Plaintiff was informed on May 7, 2021, he had been investigated by OSI for illegal recruitment of basketball players from June of 2020.  See id. ¶ 54.  Plaintiff commenced this action on November 3, 2021.  See ECF Dkt. No. 1.

# ARGUMENT

## POINT I

## PLAINTIFF'S CLAIMS ARE BARRED ALMOST ENTIRELY BY THE DOCTRINE OF WAIVER & RELEASE

### A.    Applicable Law

"[A] valid release constitutes a complete bar to an action on a claim which is the subject of the release." Morefun Co. v. Mario Badescu Skin Care Inc., No. 13 Civ. 9036 (LGS), 2014 U.S. Dist. LEXIS 77710, at *11 (S.D.N.Y. June 6, 2014) (quoting Interpharm v. Wells Fargo Bank, Nat. Ass'n., 655 F.3d 136, 142 (2d. Cir. 2011).   Thus, an employee may waive his discrimination claims if the waiver is knowing and voluntary.  Cater v. New York, 17 Civ. 9032, 2019 U.S. Dist. LEXIS 17780, at *13 (S.D.N.Y. Jan. 30, 2019).  Generally, to determine whether waiver was knowing and voluntary for federal claims, courts consider the following eight factors:

> (1) the plaintiff's education and business experience; (2) the amount of time the plaintiff had possession of or access to the agreement before signing it; (3) the role of the plaintiff in deciding the terms of the agreement; (4) the clarity of the agreement; (5) whether the plaintiff was represented by or consulted with an attorney; (6) whether the consideration given in exchange for the waiver exceeds any benefits to which the employee was already entitled by contract or law; (7) whether an employer encouraged or discouraged the employee to consult an attorney; and (8) whether the employee had a fair opportunity to consult with an attorney.  These factors are neither exhaustive nor must all of the factors be satisfied before a release is enforceable.

Littlejohn v. Consol. Edison Co. of N.Y., No. 18 cv 6336 (KPF), 2019 U.S. Dist. LEXIS 118995, at *16-17 (S.D.N.Y. July 16, 2019) (internal citations omitted).  Release of SHRL and CHRL claims is subject to less stringent principals of contract law, and such "a release that is clear and

unambiguous on its face . . . will be enforced." Miller v. New York City Dep't of Educ., 71 F. Supp. 3d 376, 381 (S.D.N.Y. 2014), aff'd, 622 F. App'x 38 (2d Cir. 2015).

**B.    Plaintiff's Claims Accruing Prior To April 30, 2019, Are Completely Barred By Plaintiff's Agreement To Waive And Release All Such Claims**

On April 30, 2019, Plaintiff entered into an agreement with Superintendent Richard Cintron extending his probationary period until August 25, 2020.  See Exhibit A.  In the Extension of Probation Agreement, Plaintiff "waive[d] any possible rights, claims or causes of action for tenure as a ASST. PRINCIPAL (in the license area of AP SUPV SOCIAL STUDIES) arising on or prior to 08/25/2019."  See Exhibit A, ¶ 4.  Further, in the Extension of Probation Agreement, Plaintiff **"waive[d] any rights, claims or causes of action and agrees not to commence any claims, motions, actions or proceedings of whatever kind against the Chancellor. the Superintendent, the Principal, or the Department of Education of the City of New York, or any of their agents or employees for any actions taken or not taken, or statements made or not made by them prior to the date of this agreement."**  Id. ¶ 5 (emphasis added).  Plaintiff acknowledged that he entered into the aforementioned Extension of Probation Agreement "freely, knowingly and openly, without coercion or duress" and "affirm[ed] that []he had an opportunity to seek legal counsel throughout these proceedings."  Id. ¶¶ 7, 8.  The agreement was clear, short (2 pages and 13 paragraphs), and provided Plaintiff with consideration he would otherwise not have been entitled to: an extension of his probationary period.  Id.  Thus, as Plaintiff waived any of the claims he now asserts that accrued prior to April 30, 2019, such claims must be dismissed. The only actions about which Plaintiff complains that accrued after April 30, 2019 are the disciplinary letter Plaintiff received on June 13, 2019, see ECF Dkt. No. 1, ¶ 51, and his administrative reassignment to an office outside of his school on October 10, 2019.  See id. ¶ 52.

**POINT II**

**PLAINTIFF'S SHRL, CHRL, AND § 1983
CLAIMS SHOULD BE DISMISSED AGAINST
DEFENDANT LEWIS FOR LACK OF
PERSONAL INVOLVEMENT**

Before the Supreme Court decided <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009), the

Second Circuit identified five categories of evidence that may establish the liability of a

supervisory official for a subordinate's conduct under § 1983:

> The personal involvement of a supervisory defendant
> may be shown by evidence that: (1) the defendant
> participated directly in the alleged constitutional
> violation, (2) the defendant, after being informed of
> the violation through a report or appeal, failed to
> remedy the wrong, (3) the defendant created a policy
> or custom under which unconstitutional practices
> occurred, or allowed the continuance of such a policy
> or custom, (4) the defendant was grossly negligent in
> supervising subordinates who committed the
> wrongful acts, or (5) the defendant exhibited
> deliberate indifference to the rights of [the plaintiffs]
> by failing to act on information indicating that
> unconstitutional acts were occurring. .

<u>Tangreti v. Bachmann</u>, 983 F.3d 609, 616 (2d Cir. 2020) (citing <u>Colon v. Coughlin</u>, 58 F.3d 865,

873 (2d Cir. 1995)). However, <u>Iqbal</u> held that where "the claim is invidious discrimination in

contravention of the First and Fifth Amendments . . . the plaintiff must plead and prove that the

defendant acted with discriminatory purpose," regardless of whether the defendant is a subordinate

or a supervisor. <u>Iqbal</u>, 556 U.S. at 669. A supervisor's "mere knowledge of his subordinate's

discriminatory purpose" is not sufficient because that knowledge does not "amount[] to the

supervisor's violating the Constitution." <u>Id.</u> at 677. Thus, the Second Circuit has recently held

that "after <u>Iqbal</u>, there is no special rule for supervisory liability. Instead, a plaintiff must plead

and prove that each Government-official defendant, through the official's own individual actions,

has violated the Constitution." <u>Tangreti</u>, 983 F.3d at 618 (internal quotations omitted).

"[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006); Gonzalez v. City of New York, 377 F. Supp. 3d 273, 289 (S.D.N.Y. Mar. 28, 2019) (dismissing § 1983 claims against individual defendants for lack of personal involvement). Under the SHRL and CHRL there is no individual liability as an employer where an individually named defendant did not have ownership interest in a company or have authority to carry out personnel decisions without prior approval from Human Resources or the managing director. See Dozier v. Federal Express, Inc., 2018 N.Y. Misc. LEXIS 3058, at *24-25 (Sup. Ct., N.Y. Cty., July 1, 2018); Doe v. Bloomberg, L.P., 178 A.D.3d 44 (1st Dep't 2019), aff'd, 36 N.Y.3d 450 (2021); N.Y. Exec. L. § 296(6); N.Y.C. Administrative Code § 8-107(13)(b)(1).

As Plaintiff does not attribute a single allegation of retaliatory treatment as against Defendant Lewis, or allege she directly supervised Plaintiff's employment. See generally Complaint, ECF Dkt. No. 1. As to Plaintiff's § 1983 First Amendment claims, Plaintiff has otherwise not pleaded with any specificity how Defendant Christie "participated directly" in or "created a policy or custom" which led to a constitutional violation or "failed to remedy" any wrong or constitutional violation brought to her attention. Tangreti, 983 F.3d at 616. As Plaintiff fails to show Defendant Christie's personal involvement under § 1983, all of Plaintiff's § 1983 claims as against her should be dismissed.

Plaintiff likewise does not assert that Defendant Lewis engaged in discriminatory acts against Plaintiff. See generally Complaint, ECF Dkt. No. 1. Further, Plaintiff does not claim Defendant Christie had power to do more than carry out the personnel decisions of others, and even notes Defendant Christie could not "excess" Plaintiff without prior approval from Defendant

BOE.  See id., ¶ 50.  As such, Plaintiff's Complaint fails to plausibly plead liability under the SHRL or the CHRL as an employer or as an individual defendant as against Defendant Christie.

**POINT III**

> **PLAINTIFF'S STATE LAW CLAIMS AGAINST THE BOE ARE BARRED BY PLAINTIFF'S FAILURE TO COMPLY WITH NOTICE OF CLAIM REQUIREMENTS**

New York Education Law § 3813(1) requires that a NOC be filed "within three months after the accrual of [a] claim" before SHRL and CHRL claims may be brought against BOE.  New York Education Law § 2 (13); 3813(1); Bernheim v. N.Y.C. Dep't of Educ., No. 19-CV-9723 (VEC) (JLC), 2020 U.S. Dist. LEXIS 120400, at *9 (S.D.N.Y. July 9, 2020) (The notice of claim requirement applies to claims of discrimination against school districts under the CHRL and SHRL), report and recommendation adopted by, 2020 U.S. Dist. LEXIS 136443 (S.D.N.Y. July 31, 2020); Amorosi v. South Colonie Ind. Cent. School Dist., 9 N.Y. 3d 367, 373 (2007).  As Plaintiff fails to allege he filed a NOC against Defendant BOE and Defendants are otherwise unaware of any such filing, Plaintiff's SHRL and CHRL claims against the BOE must be dismissed for failure to file a NOC.  See Garrido v. N.Y.C. Dep't of Educ., No. 16-Cv-9464 (DAB), 2018 U.S. Dist. LEXIS 43703, at *18–19 (S.D.N.Y. Mar. 15, 2018).  Further, since Plaintiff seeks damages in connection with his CSL § 75-b claim, see ECF Dkt. No. 1, ¶ 72, those claims for damages under CSL § 75-b are also barred by his failure to comply with applicable notice of claim requirements.  See Rose v. N.Y.C. Health & Hosps. Corp., 122 A.D.3d 76, 86 (1st Dep't 2014).

**POINT IV**

**PLAINTIFF'S CLAIMS ARE TIME-BARRED**
**WHOLE OR IN PART**

**A.     Plaintiff's SHRL/CHRL Claims Are Time-Barred As Against The BOE**

Where, as here, a SHRL/CHRL claim is brought against the BOE, New York

Education Law §§ 3813(1) and 3813(2-b) mandate the claim be commenced within one year from

when the cause of action arose.  See N.Y. Educ. Law § 3813(2-b); Amorosi v. South Colonie Ind.

Cent. School Dist., 9 N.Y. 3d 367, 373 (2007).  Plaintiff commenced this action on November 3,

2021.  Thus, Plaintiff's allegations under the SHRL and CHRL based on events before November

3, 2020 are time-barred as against the BOE.  This includes all of his asserted claims, as the last

action he complains about supposedly took place on October 10, 2019, when Plaintiff was

administratively reassigned to an office outside of his school.  See ECF Dkt. No. 1, ¶ 52.

**B.     Plaintiff's CSL § 75-b Claims Are Time-Barred**

The statute of limitations ("SOL") for CSL § 75-b claims is one year.  See CSL

§ 75-b(3)(c).  Thus, Plaintiff's CSL § 75-b claims accruing prior to November 3, 2020 are time-

barred.  Like Plaintiff's putative SHRL/CHRL claims, this includes all of his asserted CSL § 75-b

claims, as the last act which he complains of supposedly arose on October 10, 2019, when Plaintiff

was administratively reassigned to an office outside of his school.  See ECF Dkt. No. 1, ¶ 52.

**C.     Plaintiff's § 1983 First Amendment Claims And His SHRL/CHRL Claims Against**
**The Individually Named Defendants Are Largely Time-Barred**

Plaintiff's § 1983 claims have a SOL of three years.  See Smith v. N.Y.C. Dep't of

Educ., 524 F. App'x 730, 732 (2d Cir. 2013) (§ 1983).  The one-year SOL set forth in Education

Law § 3813(2-b) does not apply to SHRL/CHRL claims against Principals and APs, like

defendants Christie and Lewis, who are not considered "school officers" for purposes of Education

Law section § 3813(1).  See Collins v. City of N.Y., 156 F. Supp. 3d 448, 460 (S.D.N.Y. Jan. 11,

12

2016) (collecting cases).  Instead, the SOL for claims under the SHRL and CHRL against Christie

and Lewis is three years.  See Morrison v. New York City Police Dep't, 214 A.D.2d 394 (lst Dep't

1995) (SHRL); N.Y.C. Admin Code § 8-502(d)(CHRL).  Thus, all SHRL/CHRL claims against

defendants Christie and Lewis and all § 1983 claims against all defendants that accrued prior to

November 3, 2018, including Plaintiff's removal as AD in October 2018, are time-barred and

should be dismissed.

**POINT V**

**PLAINTIFF FAILS TO STATE A CLAIM
UNDER CIVIL SERVICE LAW § 75**

**A.    Plaintiff's CSL § 75-b Claim Is Barred Against The Individual Defendants**

CSL § 75-b "allows suits only against public employers, which is defined to include

the State, but not State officials."  Shanahan v. New York, No. 10 Civ. 0742, 2011 U.S. Dist.

LEXIS 6384, at *31 (S.D.N.Y. Jan. 24, 2011); Eyshinskiy v. N.Y.C. Dep't of Educ., No. 15 Civ.

10027 (DLC), 2016 U.S. Dist. LEXIS 165991, at *6 (S.D.N.Y. Dec. 1, 2016) ("claims under § 75-

b cannot be maintained against individual public employees"), aff'd, sub nom. Eyshinskiy v.

Kendall, 692 F. App'x 677 (2d Cir. 2017).  Thus, Plaintiff's CSL § 75-b claim must be dismissed

as against the Defendants Christie and Lewis as public employees of the BOE.  As Plaintiff's CSL

§ 75-b claim is otherwise barred as against BOE by his failure to file a NOC, *supra* Point III, his

claim must be dismissed.

**B.    Plaintiff Otherwise Fails To State A Claim Under CSL § 75-b**

"[T]o state a retaliation claim under Section 75-b, a plaintiff must allege (1) an

adverse personnel action; (2) disclosure of information to a governmental body . . . regarding a

violation of a law, rule, or regulation that endangers public health or safety, and (3) a causal

connection between the disclosure and the adverse personnel action."  Oper v. Capital Dist. Reg'l

13

Off-Track Betting Corp., No. 1:20-cv-1415 (FJS/CFH), 2021 U.S. Dist. LEXIS 243846, at *14 (N.D.N.Y. Dec. 22, 2021). "[I]nternal dissent regarding matters within the ambit of [Plaintiff]s employment" do not constitute a report "to a governmental body" under CSL § 75-b. Johnson v. Bd. of Educ. Ret. Sys. of N.Y., No. 18-cv-4605(NGG)(PK), 2021 U.S. Dist. LEXIS 100877, at *21 (E.D.N.Y. May 12, 2021). CSL 75-b's requires "but for" causation between the protected activity and adverse personnel action. N.Y. Civ. Serv. Law § 75-b(3)(a-b). An adverse personnel action under the CSL constitutes an act which affects Plaintiff's "compensation, appointment, promotion, transfer, assignment, reassignment, reinstatement or evaluation of performance." N.Y. Civ. Serv. Law § 75 b(1)(d). Threats of discipline or termination are insufficient to constitute adverse actions under § 75 b(1)(d). Higgs v. Cty. of Essex, 232 A.D.2d 815, 817 (3d Dep't 1996). Thus, Plaintiff's only pertinent allegations of an adverse action are that he was (1) removed from his AD position on October 25, 2018 and (2) re-assigned to an administrative office on October 10, 2019. Complaint, ECF Dkt. No. 1, ¶¶ 36, 52.

Plaintiff contends he was removed from his AD role on October 25, 2018, hours after sending an email to OSI which stated that Principal Steele, engaged in a grade-changing fraud in 2017. See id. ¶ 33. As Plaintiff fails to explain how his "disclosure" of such a fraud specifically showed "a violation of a law, rule, or regulation that endangers public health or safety," his claim must fail. N.Y. Civ. Serv. Law § 75-b(2)(a); Oper, 2021 U.S. Dist. LEXIS 243846, at *14-16.

However, even assuming, arguendo, that Plaintiff could prove his email showed a violation of a particular law, he still fails to show that his disclosure was the "but for" cause of his removal as AD. "Where timing is the only basis for a claim of retaliation, and gradual adverse job actions began well before the plaintiff had ever engaged in any protected activity, an inference of retaliation does not arise." Slattery v. Swiss Reinsurance Am. Corp., 248 F.3d 87, 95 (2d Cir.),

cert. denied, 534 U.S. 951 (2001). Plaintiff admits that OSI did not receive or review his October 25, 2018 complaint until December 13, 2018, two months after his removal as AD, thus breaking any possible chain of causation. See id. ¶¶ 35-36. As Plaintiff's removal came well before any protected activity, Plaintiff cannot plausibly claim "but for" causation for his removal and his claim must be dismissed. See Brown v. City of New York, 185 A.D.3d 410, 411 (1st Dep't 2020).

Plaintiff does not contend that his reassignment to an administrative office was an adverse employment action effecting the terms and conditions of his employment. See Complaint, ECF Dkt. No. 1, ¶ 52. Even if Plaintiff made such an argument, he concedes it was caused by an ongoing OSI "investigation" for "illegal recruiting of basketball players in June 2020," rather than because of a protected disclosure. See Complaint, ECF Dkt. No. 1, ¶¶ 52, 54. Thus, Plaintiff's CSL § 75-b claim based on this allegation must be dismissed.

## POINT VI

### PLAINTIFF FAILS TO STATE A CLAIM UNDER THE FIRST AMENDMENT

**A.    Legal Standards**

To state a First Amendment retaliation claim, Plaintiff must establish that: (1) [his] speech or conduct was protected by the First Amendment; (2) the defendant took adverse action against [him]; and (3) there was a causal connection between this adverse action and the protected speech. Quinones v. City of Binghamton, 997 F.3d 461, 466 (2d Cir. 2021) (quoting Montero v. City of Yonkers, 890 F.3d 386, 394 (2d Cir. 2018)). "A public employee's speech is protected by the First Amendment when the employee spoke as a private citizen and the speech at issue addressed a matter of public concern." Quinones, 997 F.3d at 466. However, the First Amendment does not protect speech that "principally focuses on an issue that is personal in nature and generally related to the speaker's own situation." Montero, 890 F.3d at 399. Speech "calculated to redress

personal grievances [in the workplace] - even if touching on a matter of general importance – does not qualify for First Amendment protection." Id. at 400. As a preliminary matter, Plaintiff's claims accruing prior to November 3, 2018 are time-barred. See Point IV(C), *supra*. However, even if, assuming *arguendo*, Plaintiff's claims were not time-barred, they would still fail.

**B.     Plaintiff's Claimed Speech Is Not Protected By The First Amendment**

Plaintiff claims he engaged in protected speech via (1) an email on December 11, 2017 to the OEO reporting Defendant Lewis had initiated parental complaints against him; (2) filing anonymous reports on Coach Pollard's conduct in February and March 2018; (3) filing a complaint to OSI on October 25, 2018 alleging "grade changing . . . by Principal Steele"; (4) reporting to a PSAL auditor on February 14, 2019 that Defendant Lewis "was allowing academically ineligible student-athletes to play in basketball games"; and (5) filing an SCI report on November 15, 2019. See Complaint, ECF Dkt. No. 1, ¶¶ 26-27, 31, 34-36, 39-51, 63-64. As discussed below, these activities do not qualify for First Amendment protection.

Plaintiff's email to the OEO on December 11, 2017, cannot constitute protected activity under the First Amendment since he was not complaining generally about widespread problems of discrimination at the school but rather submitted complaints that were personal to him. See Ezekwo v. N.Y.C. Health & Hosps. Corp., 940 F.2d 775, 781 (2d Cir. 1991) (rejecting First Amendment claim where plaintiff's "complaints were personal in nature and generally related to her own situation.").

Plaintiff's reports in February and March 2018 on Coach Pollard's conduct cannot constitute protected activity because he had a duty to report such conduct as part of his job as AD. See Weintraub v. Bd. of Educ., 593 F.3d 196, 201-205 (2d Cir. 2010). Similarly, Plaintiff's October 2018 complaint to Defendant Christie regarding "grade changing," was pursuant to his duty to report such conduct as an AP. See id. Further, Plaintiff's report cannot constitute protected

speech as it was an internal complaint. See <u>Cohn v. Dep't of Educ. Of N.Y.</u>, 697 Fed. Appx. 98, 99 (2d Cir. 2017) (Taking a complaint up the chain of command . . . does not, without more, transform [Plaintiff's] speech into protected speech made as a private citizen."). Likewise, Plaintiff's report to a PSAL auditor on February 14, 2019, regarding "academically ineligible student-athletes . . .[playing] in basketball games," was based on Plaintiff's duty as the former AD and as an AP at WATCH. See <u>Weintraub</u>, 593 F.3d at 201-205.

Further, Plaintiff's November 15, 2019, SCI report was "about sexual harassment" by "Principal Christie towards [Plaintiff]." See Complaint, ECF Dkt. No. 1, ¶¶ 63-64. As this report was solely designed to redress Plaintiff's personal grievances in the workplace, and did not address a matter of public concern, it would not be classified as protected activity. See <u>Weintraub</u>, 593 F.3d at 201-205 (2d Cir. 2010); <u>Ezekwo</u>, 940 F.2d at 778, 781.

## C. Plaintiff Did Not Suffer Retaliation Causally Connected To His Speech

Even assuming Plaintiff's speech was protected in whole or in part by the First Amendment, he is unable to show Defendants took an adverse action against him because of his speech. As noted above in Point IV(C), *supra*, all § 1983 claims against Defendants accruing prior to November 3, 2018, including Plaintiff's removal as AD in October 2018, are time-barred. The only alleged timely retaliatory acts are (1) Plaintiff's receipt of disciplinary letters in March, April, and June of 2019; and (2) Plaintiff's administrative reassignment on October 10, 2019 pending an investigation into misconduct allegations levied against him. See <u>id.</u> ¶¶ 41, 43-44, 51, 58-60.

While Plaintiff's report on February 14, 2019 preceded his receipt of disciplinary letters in March, April, and June of 2019, the letters were issued in connection with matters which were already in progress prior to February of 2019. See ¶¶ 41, 43-44, 51. Further, as Plaintiff was required, as former AD and a teacher, to make such a report, it would not constitute protected activity. See <u>Weintraub</u>, 593 F.3d at 201-205. Otherwise, Plaintiff does not put forward any

17

protected activity temporally proximate to (e.g. within four months of) his administrative reassignment Plaintiff concedes was due to an ongoing OSI investigation into his own actions. See Complaint, ECF Dkt. No. 1, ¶¶ 52, 54.

## POINT VII

**PLAINTIFF FAILS TO PLAUSIBLY PLEAD A CLAIM OF RACE OR GENDER DISCRIMINATION UNDER THE SHRL AND CHRL**

### A. Legal Standard

Claims of disparate treatment under the SHRL and the CHRL are analyzed using the burden shifting analysis of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See Ferrante v. American Lung Ass'n, 90 N.Y.2d 623, 629 (1997) (SHRL); Brown v. Daikin Am., Inc., 756 F.3d 219, 226 n.7 (2d Cir. 2014) (SHRL disparate treatment claims are analyzed under the same standards as federal discrimination claims); see also Melman v. Montefiore Med. Ctr., 98 A.D.3d 107, 112-13 (1st Dep't 2012) (CHRL). As to Plaintiff's CHRL claims, the Second Circuit has summarized the considerations by which federal courts reviewing CHRL claims are to be guided in Mihalik v. Credit Agricole Cheuvreux N. Am., Inc., 715 F.3d 102, 112, 113 (2d Cir. 2013). To establish a prima facie case of discrimination, Plaintiff must allege: "(1) []he is a member of a protected class; (2) []he was qualified to hold the position; (3) []he…suffered an[] adverse employment action; and (4) the…adverse action occurred under circumstance giving rise to an inference of discrimination." Forrest v. Jewish Guild for the Blind, 3 N.Y.3d 295, 305 (2004); Thomas v. Mintz, No. 103397/2011, 2018 N.Y. Misc. LEXIS 3282 at *6 (Sup. Ct., N.Y. Cnty., Aug. 1, 2018). "[A] plaintiff sustains an adverse employment action if [they] endure[] a materially adverse change in the terms and conditions of employment." Sosa v. New York City Dep't of Educ., 368 F. Supp. 3d 489, 495 (E.D.N.Y. Mar. 25, 2019)(quoting Galabya v. N.Y.C.

Bd. of Educ., 202 F.3d 636, 640 (2d Cir. 2000), cert. den., 568 U.S. 1144 (2013)).  A materially adverse employment action is "more disruptive than a mere inconvenience or an alteration of job responsibilities."  Id.  Plaintiff must plausibly allege "facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." See Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 87 (2d Cir. 2015).  However, "naked assertions of discrimination without any specific factual allegation of a causal link between the defendants' conduct and the plaintiff's protected characteristic are too conclusory to withstand a motion to dismiss."  See Soloviev v. Goldstein, 104 F. Supp. 3d 232, 249 (E.D.N.Y. May 12, 2015) (quoting and citing Doe v. Columbia Univ., 101 F. Supp. 3d 356, 368 (S.D.N.Y. Apr. 21, 2015)).

## B.    Plaintiff Fails To State A Claim Of Race Discrimination Under The SHRL

Plaintiff, a male who self identifies as "Caucasian/Hispanic," ECF Dkt. No. 1, ¶ 19, has satisfied the first prong of his prima facie case – membership in a protected class.  Defendants also do not dispute that Plaintiff was qualified for his position as an AP, thus he likewise satisfies the second prong of his prima facie case.  Forrest, 3 N.Y.3d at 305.

Plaintiff allegedly suffered the following employment actions: (1) he was removed as "Principal Designee" on January 22, 2018; (2) Defendant Christie threatened to deny him tenure around October 18, 2018; (3) he was removed from an AD position on October 25, 2018; (4) he received disciplinary letters in March, April, and June of 2019; and (5) he was reassigned on October 10, 2019 to an administrative office due to an ongoing OSI investigation.  See Complaint, ECF Dkt. No. 1, ¶¶ 36, 41, 43-44, 51-53, 58, 60-64.  As noted in Point IV(A), supra, Plaintiff's SHRL claims as to the BOE, based on all of acts accruing before November 3, 2020, i.e., all of Plaintiff's claims, are time-barred and must be dismissed.  Further, all SHRL/CHRL claims against Defendants Christie and Lewis accruing prior to November 3, 2018, including Plaintiff's removal as AD in October 2018, are time-barred and should be dismissed.  See Point IV(C), supra.

Moreover, assuming, *arguendo*, Plaintiff's claims were not barred, they still would fail to plausibly plead facts which give rise to even a minimal inference of race discrimination.

Plaintiff's only reference to race is that, at some unidentified time after his removal as AD, Defendant Christie told him it was "time for a Black woman [Defendant Lewis] to have this small opportunity." Id. ¶ 37. Plaintiff also alleges that "Principal Christie often made misguided comments to staff about racial equity in the schools." Id. ¶ 38. Curiously, Plaintiff cites to an example of Christie, who is an African American, criticizing an African American Campus Computer Technician. Id. The complaint pleads no facts, however, that would allow a court to draw a reasonable inference that Plaintiff was subjected to any mistreatment or adverse action because of his identified race, Caucasian/Hispanic. See Lucio v. N.Y.C. Dep't of Educ., 575 F. App'x 3, 5 (2d Cir. 2014).

Rather, Plaintiff's allegations that Defendants Christie or Lewis are of a different race do not, on their own, infer that any of the matters about which he complains were due to his race. See, e.g., Amofa v. Bronx-Lebanon Hosp. Ctr., No. 05-CV-9230 (SHS), 2006 U.S. Dist. LEXIS 83199, at *7-8 (S.D.N.Y. Nov. 13, 2006) (finding that the "mere fact" that a plaintiff and supervisor with whom he argued were of different races was not evidence of discriminatory conduct); George v. N.Y. City Health and Hosp. Corp., No. 02 Civ. 1818 (AGS), 2003 U.S. Dist. LEXIS 1927, at *8 (S.D.N.Y. Feb. 11, 2003) ("The mere fact that plaintiff and her supervisor were not of the same race . . . does not, in and of itself, indicate that the supervisor's conduct towards plaintiff was motivated by discrimination."). Without more, Plaintiff's allegations are simply insufficient to establish a discriminatory animus.

Likewise, Plaintiff fails to plausibly plead an inference of discrimination by alleging he was treated less favorably than a similarly situated employee. See Ellis v. N.Y.C.

Dep't of Educ., 2020 U.S. Dist. LEXIS 42446, at *9 (S.D.N.Y. Mar. 11, 2020) (Complaint fails to establish both specific individuals as comparators and the material respects in which they were similarly situated but treated differently); Newsome v. IDB Capital Corp., No. 13 CV 6576 (VEC), 2016 U.S. Dist. LEXIS 40754, at *45-47 (S.D.N.Y. Mar. 28, 2016). However, to be similarly situated, such an employee must be "(1) subject to the same performance evaluation and discipline standards and (2) engaged in comparable conduct." Butts v. N.Y. City of Dep't of Educ., No. 16-CV-5504 (NGG)(RML), 2018 U.S. Dist. LEXIS 170195, at *28 (S.D.N.Y. Sept. 28, 2018).

Plaintiff alludes to three "non African American" teachers, not APs, and contends that they "were given less support and/or scrutinized more closely than similarly sitauted African American instructors." See ECF Dkt. No. 1, ¶ 24. Notably, as Plaintiff does not provide the race of any of these teachers, they cannot be used as comparators. Plaintiff otherwise identifies Ms. Denise Palmer as an African American teacher who was provided with more "opportunities to earn a higher instructional rating" than Mr. Ken Rugen, a physical education teacher. Id. ¶ 24. However, as Plaintiff has not shown how any of these teachers were similarly sitauted to **himself** via their job duties, work situations, performance evaluations, protected conduct, or adverse actions suffered, his claim must fail. See Sosa, 2019 U.S. Dist. LEXIS 11826, at *34.

C.     **Plaintiff Fails To State A Claim Of Race Discrimination Under The CHRL**

Likewise, Plaintiff's claim fails under the CHRL. To survive a motion to dismiss, a "complaint must . . . allege facts on the basis of which a court can find differential treatment – *i.e.*, the plaintiff was treated less well – because of discriminatory intent." Anderson, 2017 U.S. Dist. LEXIS 8358, at *23 (internal citation and quotation omitted); see also Gorokhovsky v. New York City Hous. Auth., 552 Fed. Appx. 100, 102 (2d Cir. 2014). Thus, for the reasons set forth above regarding Plaintiff's SHRL claim, Plaintiff fails to plausibly plead discriminatory animus under the CHRL.

Plaintiff also, for the reasons set forth above, fails to allege facts plausibly showing he was treated less well than any other similarly situated AP or even classroom teacher at WATCH due to his race. See generally Complaint, ECF Dkt. No. 1. The "Race Discrimination" portion of Plaintiff's Complaint is dedicated solely to his belief that Defendant Christie called Principal Anderson a "racist," that there was a "pattern of disparate treatment towards non[-]African American" teachers, and that parents told Plaintiff **he** was a racist. Id., ¶¶ 19-28. Otherwise, Plaintiff fails to show that he was personally treated differently due to his race in terms of his removal as AD or administrative reassignment. See generally ¶¶ 52, 54. Accordingly, Plaintiff's racial discrimination claim under the CHRL must be dismissed.

## D.     Plaintiff Fails To State A Claim Of Gender Discrimination Or Sexual Harassment

Plaintiff similarly fails to state a gender discrimination or sexual harassment claim. As noted above, Plaintiff's gender discrimination claims undergo the same burden shifting analysis as his racial discrimination claims. Forrest, 3 N.Y.3d at 305. As such, Plaintiff must prove "a causal link between the defendants' conduct and [his] protected characteristic . . . to withstand a motion to dismiss." Anderson, 2017 U.S. Dist. LEXIS 8358 at *23.

As noted, *supra*, Point IV(A), Plaintiff's SHRL/CHRL allegations of gender discrimination/sexual harassment against the BOE based on all acts which occurred prior to November 3, 2020, i.e., all of Plaintiff's claims, are time-barred and must be dismissed. Further, all SHRL/CHRL claims against defendants Christie and Lewis that accrued prior to November 3, 2018, including Plaintiff's removal as AD in October 2018, are time-barred and should be dismissed. See Point IV(C), *supra*. This includes his claims that: (1) Defendant Christie requested he go on a date with her daughter; (2) his ex-fiancé was hired by the BOE; (3) Defendant Christie asked him to prove he was "dating a Black woman" on January 22, 2018; (4) Principal Christie threatened to deny Plaintiff's tenure and adversely rate him due to Plaintiff's meeting with Ms.

Maureen Goldfarb on October 18, 2018; and (5) After a female administrator colleague visited Plaintiff in September 2019, Defendant Christie allegedly accused Plaintiff of "persuad[ing] a student to phone in complaints about her to the Superintendent" and Plaintiff was thereafter reassigned to an administrative office on October 10, 2019.  Complaint, ¶¶ 55-61.  However, none of these allegations plausibly plead either gender-based animus for reasons similar to those discussed above concerning Plaintiff's race claims.

Plaintiff's claim must similarly fail under the CHRL as he fails to plausibly plead how he was treated differently than any other similarly situated employee due to his gender. Plaintiff's complaint of gender discrimination boils down to a false syllogism insufficient to support an inference of discrimination.  Whitfield-Ortiz v. Department of Educ. of the City of New York, 116 A.D.3d 580 (1st Dep't 2014).  Accordingly, his claims should be dismissed.

## POINT VIII

### PLAINTIFF FAILS TO STATE A PLAUSIBLE CLAIM OF RETALIATION UNDER THE SHRL OR THE CHRL

To establish a presumption of retaliation at the initial stage of SHRL litigation, a plaintiff must present evidence that shows (1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action.  Littlejohn v. City of N.Y., 795 F.3d 297, 315-16 (2d Cir. 2015).  Plaintiff must also show that, "but for" the protected activity, he would not have been discontinued.  Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 90 (2d Cir. 2015).  In comparison, to make out an unlawful retaliation claim under the CHRL, the plaintiff "must show that [he or] she took an action opposing her employer's discrimination, . . . and that, as a result, the employer engaged in conduct that was reasonably likely to deter a person from engaging in such action."  Mihalik v. Credit Agricole Cheuvreux N.

Am., Inc., 715 F.3d 102, 112 (2d Cir. 2013). Even under the liberal CHRL, a plaintiff must prove that "the conduct is caused at least in part by . . . retaliatory motives," and the defendant's conduct must rise to "more than 'petty slights or trivial inconveniences.'" LeBlanc v. United Parcel Serv., No. 11 Civ. 6983 KPF, 2014 U.S. Dist. LEXIS 50760, at *61-62 (S.D.N.Y. Apr. 11, 2014).

As noted in Point IV(A), *supra*, Plaintiff's claims against the BOE under the SHRL and CHRL based on allegations prior to November 3, 2020 are time-barred. Further, Plaintiff's claims against Christie and Lewis under the SHRL and CHRL based on allegations prior to November 3, 2018 are time-barred. However, even assuming, *arguendo*, his claims were not barred, Plaintiff's allegations that his December 2017 OEO filing and January 2018 emails to Defendant Christie caused his October 2018 removal as AD, must fail due to a lack of temporal proximity. Complaint, ECF Dkt. No. 1, ¶¶ 25, 31-32; Slattery, 248 F.3d at 95. Likewise, Plaintiff's claim that he was removed from his AD position due to his OSI complaint on October 25, 2018 must fail as his OSI complaint was received on December 13, 2018, long after Plaintiff's removal, and was not a complaint about discriminatory treatment of Plaintiff but rather was a complaint of "grade changing/fixing of student athletes' grades by Principal Steele." See Complaint, ECF Dkt. No. 1, ¶¶ 35-36; Brown v. City of New York, 185 A.D.3d 410, 411 (1st Dep't 2020). As Plaintiff does not put forward any protected activity within four months of his administrative reassignment, and as Plaintiff notes that such a reassignment was due to an ongoing OSI investigation into his own actions, Plaintiff cannot state a claim of retaliation under the CHRL based on this allegation. See Complaint, ECF Dkt. No. 1, ¶¶ 52, 54.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court grant this motion and dismiss the Complaint in its entirety together with such other and further relief as the Court deems just and proper.

Dated:      New York, New York
              May 2, 2022

                           **HON. SYLVIA O. HINDS-RADIX**
                           Corporation Counsel of the
                             City of New York
                           Attorney for Defendants
                           100 Church Street, Room 2-146
                           New York, New York 10007
                           (212) 356-4389
                           cohirsch@law.nyc.gov

                        By:    /s/ Corey B. Hirsch
                                Corey B. Hirsch
                                Assistant Corporation Counsel

Corey B. Hirsch,
Bruce Rosenbaum,
   Of Counsel.